IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tori Keon of the Family Thompson; Davon Kerns of the Family Lee; Kenneth of the Family Etheredge; Curtis Jr of the Family Boyd,<br><br>      Plaintiffs,<br> vs.<br><br>Brenda Cummings through the IV-D Agency,<br><br>      Defendant. | Civil Action No. 3:24-cv-6183-CMC<br><br>**ORDER** |

  This matter is before the court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. ECF No. 44. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

  In the Amended Complaint, Plaintiffs contend Defendant, through the IV-D child support program, has violated their 1st, 4th, 5th, 7th, 13th, and 14th Amendment rights. ECF No. 27 at 2-3. Specifically, they allege the IV-D agency fraudulently identified them by social security numbers and legal names. They assert they have not voluntarily enrolled in the program and should not be labeled noncustodial parents. *Id.* at 4-5.

  Defendant filed a motion to dismiss or in the alternative, for summary judgment. ECF No. 44. Because Plaintiffs are proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising them of the importance of

Defendant's summary judgment motion and the need to file an adequate response. ECF No. 46. Plaintiff filed a response in opposition. ECF No. 48.

On November 10, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant's motion to dismiss be granted. ECF No. 50. The Magistrate Judge advised Plaintiffs of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiffs timely filed objections. ECF No. 54.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends granting Defendant's motion to dismiss because Plaintiffs have not alleged actionable federal constitutional violations such that they may bring claims pursuant to 42 U.S.C. § 1983. ECF No. 50 at 3. She also notes Plaintiffs' arguments are akin to sovereign-

citizen type theories courts have found meritless, including in a previous action by Plaintiff Thompson challenging his child support obligations. *Id.*

Plaintiffs object, arguing their claims "are not subject to Fed. R. Civ. P. 12(b)(6) dismissal based upon the Preamble to the Constitution for the State of South Carolina provides that of the people of the State of South Carolina, are grateful to God for our liberties." ECF No. 54 at 5 (errors in original). They contend Plaintiffs "are by nature free, 'not subject to' the legal constraint or dominion of the unit or its contracted county family clerks of court, judges and prosecutors, and we possess the power to follow the dictates of our own will." *Id.* They assert they did not consent to participate in the child support program for purposes of 42 U.S.C. § 651 and, because of this "unwanted association and our involuntary participation," Defendant violated their constitutional rights. *Id.* at 6. They also contend Defendant waived Eleventh Amendment immunity as "private parties state actors' 11th Amendment immunity is unavailable." *Id.* at 7. They argue this action is not about avoiding child support payments, and assert these are not sovereign citizen pleadings as they do not associate with "such extremist actions or ideas." *Id.* at 8-9.

Although Plaintiffs assert they are not sovereign citizens, their objections to the Report are replete with sovereign citizen type theories regarding statutes and the state and federal Constitutions. For example, Plaintiffs assert "Title 42 of the U.S. Code is a non-positive law" that "has never been enacted into positive law" and thus has no legal force. ECF No. 27 at 3-4. Plaintiffs contend they have been relegated to a status of "non-custodial parents," which then "identifi[es] [them] as 20 U.S.C. § 422.103(d) property" in violation of the 13th Amendment. *Id.* at 3. These sovereign citizen type theories have been recognized by many courts to be "simply wrong" and

3

are therefore consistently overruled. *See, e.g., United States v. Wright,* 797 F. App'x 126, 128 (4th Cir. 2020) ("These [sovereign citizen] arguments are frivolous, and thus, the district court did not err in denying his motions [raising various sovereign citizen theories]."); *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status ... as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."), *cert. denied*, 132 U.S. 1051 (2012); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"). Accordingly, Plaintiff's arguments regarding the validity of statutes, "contracts" regarding child support, and his identification via social security numbers and legal names are sovereign citizen type arguments and thus carry no weight with the court.

The court further agrees with the Magistrate Judge Plaintiffs have not alleged actionable federal constitutional violations. The rights they list are generally not ones recognized; for example, "our First Amendment inherent and inalienable right by requiring contractual agents to compel us by threat to associate with the IV-D business for profit against my will;" "Our Fourth Amendment inalienable right to be let alone and free from the unit's intrusion into our private lives; for consistently using the social security number we hold to unreasonably search for our employment . . ." and "Our Fourteenth Amendment inalienable right to equal protection of the laws by affording the IV-D unit customer the 45 C.F.R. § 303.11(12) right to terminate IV-D services at will and denying us the same." ECF No. 54 at 11.

4

After a *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiffs' objections, the court agrees with the Report's recommendation Defendant's motion to dismiss should be granted. Accordingly, the court adopts the Report by reference in this Order. Defendant's motion to dismiss (ECF No. 44) is granted and this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
January 15, 2026